UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF SETTOON TOWING, LLC, ENERGY MARINE LEASING, LLC, AND TALA MARINE, LLC AS THE ALLEGED OWNERS AND/OR OWNERS PRO HAC VICE OF THE M/V ARCHIE C. SETTOON AND THE M/V PHILOMENE P. PERERA, ALONG WITH ALL OF THEIR RESPECTIVE CARGO, ENGINES, TACKLE, GEAR, APPURTENANCES, ETC. IN REM, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABLITY | **Admiralty – Rule 9(h)**<br><br>CASE NO.<br><br>SECTION " " MAG. ( )<br><br>JUDGE<br><br>MAGISTRATE |

**COMPLAINT AND PETITION OF SETTOON TOWING, LLC, ENERGY MARINE LEASING, LLC, AND TALA MARINE, LLC FOR EXONERATION FROM AND/OR ALTERNATIVELY LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGES OF SAID COURT:

NOW INTO COURT, by and through their undersigned counsel, come Settoon Towing, LLC ("Settoon"), Energy Marine Leasing, LLC ("EML"), and TALA Marine, LLC ("TALA") (sometimes referred to hereinafter collectively as the "Petitioners") as the alleged owners and/or owners *pro hac vice* of the M/V PHILOMENE P. PERERA and the M/V ARCHIE C. SETTOON (sometimes referred to hereinafter collectively as the "Vessels"), along with all of their respective cargo, engines, tackle, gear, appurtenances, etc. *in rem*; in a cause of exoneration from and/or limitation of liability, civil and maritime, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and 46 U.S.C. § 30501 *et seq.*, and in support thereof show as follows:

1.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, and is filed

**Page 1 of 11**

pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and all as hereinafter more fully appears.

2.

Petitioner Settoon is and, at all material times hereinafter mentioned was, a Delaware Limited Liability Company with its principal place of business in Pierre Part, Louisiana. Petitioner Settoon denies that it was, at any time pertinent, either the owner or owner *pro hac vice* of either the M/V PHILOMENE P. PERERA or the M/V ARCHIE C. SETTOON. Nonetheless, Settoon has been alleged to be the owner and/or operator of the Vessels in the matter entitled *Shelley, et al. v. Hilcorp Energy, et al.*, 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, Division "A", No. 67-139 (hereinafter the "Shelley Matter") and to have caused damages to the plaintiffs therein through the alleged ownership and/or operation of said vessels.[1]  Because Settoon is "sought to be held liable as owners, operators, charterers, and/or controllers" of the Vessels, albeit erroneously, Settoon is entitled to petition this Court for exoneration from and/or limitation of liability and to have the prosecution of claims outside this concursus enjoined.[2]

3.

Petitioner EML is and, at all material times hereinafter mentioned was, a Delaware Limited Liability Company with its principal place of business in Pierre Part, Louisiana.  EML was at all material times hereto the owner of the M/V PHILOMENE P. PERERA and the M/V ARCHIE C. SETTOON.

---

[1] The Shelly Matter since has been removed to this Court.  See *Shelley v. Hilcorp Energy Company, et al.*, United States District Court for the Eastern District of Louisiana, Case No. 2:22-cv-01345-EEF-MBN.
[2] *In re CDM Res. Mgmt. LLC*, 2015 U.S. Dist. LEXIS 145465, fn. 3 (E.D. La. Oct. 27, 2015); *In re Magnolia Marine Transp. Co.*, 2003 AMC 2425, 2003 U.S. Dist. LEXIS 25123, *4 (E.D. Okla. Mar. 6, 2003); *Complaint for Exoneration From or Limitation of Liability of Shell Oil Company and Shell Offshore Inc. As Owners and/Or Owners Pro Hac Vice of M/V EB II*, 780 F. Supp. 1086, 10876 (E.D. La. 1991).

4.

Petitioner TALA is and, at all material times hereinafter mentioned was, a Louisiana Limited Liability Company with its principal place of business in Galliano, Louisiana.  TALA was at all material times hereto the owner *pro hac vice* of the M/V PHILOMENE P. PERERA and the M/V ARCHIE C. SETTOON.

5.

The M/V ARCHIE C. SETTOON is a 49.5' long, steel-hulled towing vessel operating on the navigable waters of the United States, bearing official number 1182029.  Prior to and at all times hereinafter described, Petitioners exercised due diligence to make and maintain the M/V ARCHIE C. SETTOON in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

6.

The M/V PHILOMENE P. PERERA is a 50' long, steel-hulled towing vessel operating on the navigable waters of the United States, bearing official number 1164327.  Prior to and at all times hereinafter described, Petitioners exercised due diligence to make and maintain the M/V PHILOMENE P. PERERA in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the

PD.37248917.1

vessel was engaged.

7.

As of the filing of the instant Complaint, neither the M/V ARCHIE C. SETTOON nor the M/V PHILOMENE P. PERERA has been attached or arrested in connection with the voyage at issue.  One suit has been filed alleging the fault and/or liability of the Vessels, to-wit the Shelley Matter.  Accordingly, venue is proper in this District under Rule F(9), Supplemental Rules for Certain Admiralty and Maritime Claims, based on the fact that the aforesaid suit is pending in a court within this Judicial District and the alleged damages complained of in said suit are alleged to have occurred within this Judicial District.

8.

In and around December 2020 to January 2021, the time alleged in the Petition for Damages in the Shelley Matter as being when the damages allegedly were sustained, the M/V ARCHIE C. SETTOON and the M/V PHILOMENE P. PERERA were engaged in their customary commercial practice of navigating the navigable waters of the United States.  At no time contemporaneous therewith were the aforesaid vessels or their owners/operators placed on notice or otherwise made aware of any conduct giving potential rise to claims arising out of the aforesaid voyage(s).

9.

Petitioners had no notice of any acts or omissions giving rise to potential claims arising out of the aforesaid voyage(s) of the Vessels until after the filing of the Shelley Matter on or about January 3, 2022.  Petitioners have instituted the instant concursus less than six months after receiving their first written notice of potential claims arising out of the aforesaid voyage(s) of the Vessels, and this Complaint and Petition accordingly is timely filed pursuant to 46 U.S.C.

**Page 4 of 11**

§ 30511(a).

10.

Any and all injuries, damages, and/or losses, allegedly sustained by any person and/or entity were not caused or contributed to by any fault, negligence or lack of due care on the part of the Petitioners or any unseaworthiness or fault of either the M/V ARCHIE C. SETTOON or the M/V PHILOMENE P. PERERA, nor any person in charge of them, nor any person for whom Petitioners were or are responsible.  Petitioners reserve the right to amend and/or supplement this paragraph of the Complaint and Petition to specify further the absence of fault and negligence, if any, surrounding the above-described events when the facts surrounding the accident become fully known, and to prove them at the trial of this cause.

11.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned and incurred without the design or neglect of Petitioners or anyone for whom Petitioners or at any material time were responsible.

12.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned and incurred without the privity or knowledge of Petitioners, the Vessels' masters, or Petitioners' superintendents or management personnel.

13.

There are no demands, unsatisfied liens or claims of liens, in contract or in tort, arising from the aforementioned voyage of the Vessel so far as known to Petitioners.

14.

The precise dates of the voyage(s) upon which the aforesaid allegations of injury,

**Page 5 of 11**

damages and/or losses occurred and on which the claims and demands sought to be limited are unknown due to the imprecise allegations set forth in the Petition for Damages filed in the Shelley Matter.  Based on the allegations set forth therein, the alleged damages were sustained during a voyage or voyages that began and ended in December 2020 or January 2021, and occurred in the navigable waters of the state of Louisiana.

15.

The entire aggregate amount or value of Petitioners' interest in the M/V ARCHIE C. SETTOON and her then pending freight at the end of the above-described voyage does not exceed the sum of US $800,000.00 (Eight Hundred Thousand Dollars and xx/100).

16.

The entire aggregate amount or value of Petitioners' interest in the M/V PHILOMENE P. PERERA and her then pending freight at the end of the above-described voyage does not exceed the sum of US $750,000.000 (Seven Hundred and Fifty Thousand Dollars and xx/100).

17.

The amount of the claims which are reasonably anticipated to arise from the events in question exceed, or may be alleged to exceed, the amount and value of Petitioners' interest in the Vessels immediately after the events in question and at the time of the termination of the voyage, and in their then pending freight.[3]

18.

Petitioners desire to contest any liability of themselves and the Vessels for the injuries,

---

[3] The Petitioners deny that they are liable in any way for the damages alleged in the Shelley Matter, and specifically deny that both of the Vessels could validly be blamed for causing or allegedly having caused the damages alleged therein.  To the extent that subsequent discovery in this matter establishes that one of the Vessels could not have caused and could not have been responsible for the damages alleged in the Shelley Matter, or should discovery subsequently show that the value of either of the Vessels is less than estimated and set forth herein, then the Petitioners would specifically reserve the right to petition the Court for a reduction in the amount of the limitation fund and a commensurate decrease in any security.

damages and/or other losses allegedly sustained by those affected by the events in question, and for any and all losses and damages, if any, which occurred during the voyage(s) in question. Petitioners further claim exoneration from or limitation of liability for any loss, injuries, and/or damages sustained by those affected, and for the claims that have been made and those claims which hereafter may be made by any other person, firm, corporation or other entity.  Petitioners allege that they have valid defenses on the facts and on the law to the claims of any present and/or future claimant.   Petitioners, without admitting and rather affirmatively denying all liability, further claim the benefit of Limitation of Liability as provided in Chapter 305 of Title 46 of the United States Code, as well as Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and of the Supreme Court of the United States.

19.

While not in any way admitting that Petitioners are under any liability for the alleged injury, damages and/or losses allegedly occurring as described above, Petitioners hereby claim and reserve the right to contest in this or any other Court any liability therefor, either of Petitioners or the Vessels, and Petitioners claim and are entitled to have their liability, if any, limited to no more than the amount or value of their interest as aforesaid in the Vessels following the events in question, in addition to freight then pending.

20.

Petitioners are ready and willing to give a Stipulation of Value with sufficient surety for the payment into the Court's registry of the amount or value of its interest in the Vessels and then pending freight following the events in question, whenever the same shall be ordered as provided

PD.37248917.1

in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such Orders as the Court may direct.

21.

Petitioners hereby offer an *ad interim* stipulation in the amount of US $1,550,000.00 (One Million Five Hundred and Fifty Thousand Dollars and xx/100) representing the value of Petitioners' interest in the Vessels and their then pending freight, at the time of the occurrence in question, and interest at the rate of 6% per annum.  The *ad interim* stipulation is to stand in the place of a Stipulation for Value if the amount thereof is not contested by any Claimant herein. Petitioners stand ready and agrees to comply with any other Order of the Court provided for in Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure with respect to additional security which the Court may from time to time fix as necessary to carry out the provisions of the Limitation of Liability statutes as amended.

22.

If it later appears that Petitioners are or may be liable and the amount or value of their interest in the Vessels and their then pending freight, as aforesaid, is not sufficient to pay all losses in full, then claimant(s) shall share pro rata in the aforesaid sum, saving to claimant(s) any rights to priority he or they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this Honorable Court herein.

23.

Petitioners would show that, other than the claims asserted in the Shelley Matter, no party

or parties have given notice of suit to Petitioners concerning the voyage or voyages in question. The claimants and potential claimants identified in the Shelley Matter, along with the nature of such claims, are set forth in Exhibit "A".

24.

This Honorable Court has cognizance of this proceeding and this is the proper Court and District in which to file this Complaint and Petition as provided by Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

25.

All and singular the premises are true and correct and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Petitioners pray:

(A)     That the Court issue an Order approving the combined *Ad Interim* Stipulation with proper security for the payment into Court of the value of Petitioners' interest in the Vessels and their then pending freight at the termination of the voyage in question as set forth herein, whenever the same shall be determined and ordered by the Court, in addition to costs of Court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may from time to time deem proper;

(B)     That the Court make an Order directing the issuance of a Monition to all persons, firms, corporations, or other entities who might have any claim arising out of the voyage in question of the Vessels, citing them to file such claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Petitioners

PD.37248917.1

on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of the respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Monition;

(C)    That an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the above-described events and restraining the commencement or prosecution hereafter of any suit, action, or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Petitioners, the Vessels *in rem*, their agents or representatives or any other person whatsoever for whom Petitioners may be responsible in respect of any claim or claims arising out of the aforesaid voyage of the Vessels;

(D)    That the Court in this proceeding adjudge:

    (i)    That Petitioners are not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid occurrence(s) or voyage of the Vessels, and that therefore the Vessels and Petitioners be and are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

    (ii)    Alternatively, if Petitioners shall be adjudged liable, then that such liability be limited to no more than the amount or value of Petitioners' interest in the Vessels and their engines, tackle, gear, apparel, and then

pending freight for the voyage in in question, and that the money paid or secured to be paid as aforesaid be divided pro rata among such claimants as they may duly prove its claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability.

(E)     That Petitioners have such other and further relief, both at admiralty and in equity, to which they may be justly entitled.

Respectfully submitted:

PHELPS DUNBAR LLP


s/Miles P. Clements
Miles P. Clements, T.A. (4184)
Joseph E. Lee III (26968)
Zachary J. Ardoin (37575)
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130
Telephone:     (504) 566-1311
Facsimile:     (504) 568-9130
E-Mail:        miles.clements@phelps.com
               josh.lee@phelps.com
               zachary.ardoin@phelps.com

ATTORNEYS FOR PETITIONERS SETTOON TOWING, LLC, ENERGY MARINE LEASING, LLC, AND TALA MARINE, LLC AS OWNER AND OWNER PRO HAC VICE OF THE M/V PHILOMENE P. PERERA AND THE M/V ARCHIE C. SETTOON

**Page 11 of 11**