UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF SETTOON TOWING, LLC, ENERGY MARINE LEASING, LLC, AND TALA MARINE, LLC AS THE ALLEGED OWNERS AND/OR OWNERS PRO HAC VICE OF THE M/V ARCHIE C. SETTOON AND THE M/V PHILOMENE P. PERERA, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 22-1483<br><br>SECTION: H(1) |

### ORDER AND REASONS

Before the Court is Settoon Towing, LLC; Energy Marine Leasing, LLC; and TALA Marine, LLC's ("Petitioners") Motion for Order Approving Petitioner's Security, Declaration of Valuation, and *Ad Interim* Stipulation and Directing Issuance of Notice to Claimants and Restraining Prosecution of Claims (Doc. 4) pursuant to 46 U.S. § 30501 *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. For the following reasons, this Motion is **DENIED WITHOUT PREJUDICE**.

Petitioners ask the Court to accept as security their promise "to abide by further orders of the Court and pay into the Registry of the Court whenever the Court shall order, a sum equal to the amount or value of Petitioners' interest in said vessels and any pending charter hire and/or freight."[1]

---

[1] Doc. 3 at 2.

1

Petitioners further promise to provide a Letter of Undertaking or a bond with an approved surety equal to the sum of their interest in the two vessels at issue in this case plus six percent annual interest.

This Court has an "absolute right to determine what constitutes approved security."[2] Petitioners' above two promises do not constitute approved security for two reasons. First, "a promise to provide the required funds or to obtain a *future* bond or Letter of Undertaking is not adequate security under Supplemental Admiralty Rule F(1)."[3] Petitioners' *Ad Interim* Stipulation and Certificate of Security identify no independent surety that would guarantee payment.[4] Petitioners must, at the very least, provide a valid Letter of Undertaking (LOU) or similar assurance from an independent surety before this Court will approve such a motion and initiate a limitation concursus.[5] No such LOU is before the Court.

Secondly, the Certificate of Security is signed only by *counsel for* Petitioners.[6] "Security signed only by counsel, without any evidence counsel has been given specific authority to bind [Petitioners] to the obligations

---

[2] Matter of A. & J. Towing, Inc., No. 97-0548, 1997 WL 289396, at *2 (E.D. La. May 29, 1997).
[3] Matter of Adriatic Marine, LLC, 20-1488, Doc. 3 at 2 (E.D. La. May 27, 2020) (Barbier, J.) (emphasis added).
[4] *See* Docs. 2, 3; *see also* Matter of Paradise Family, LLC, No. 20-1452, 2020 WL 3512809, at *2 (M.D. Fla. June 29, 2020) (denying a motion to approve a similarly deficient interim stipulation and gathering cases approving *ad interim* stipulations supported by independent sureties); Matter of Stoughton, No. 20-725, 2020, WL 2557332, at *1 (W.D. Wash. May 20, 2020) ("Security may be in the form of deposit cash, a bond, or a stipulation backed up by insurance.").
[5] *See Adriatic Marine*, No. 20-1488, Doc. 3 (adopting a similar position); *Paradise Family*, 2020 WL 3512809, at *2 (noting the absence of an LOU and that "LOUs are customarily offered by petitioners who opt to post security in lieu of depositing cash into the court's registry").
[6] *See* Doc. 3.

contained in the security document, is insufficient to justify creating a limitation concursus."[7]

Accordingly,

**IT IS ORDERED** that Petitioners' Motion (Doc. 4) is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 26th day of May, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[7] *Adriatic Marine*, 20-1488, at Doc. 3.