# United States Court of Appeals
# for the Fifth Circuit

No. 23-30578
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 24, 2024
Lyle W. Cayce
Clerk

In the Matter of the Complaint of Settoon Towing, L.L.C., Energy Marine Leasing, L.L.C., Tala Marine, L.L.C. as Owner and Operator of the M/V Philomene P. Perera, for Exoneration from or Limitation of Liability

Settoon Towing, L.L.C., *As the Alleged Owners and/or Owners Pro Hac Vice of the M/V Archie C. Settoon and the M/V Philomene P. Perera, along with all of their respective Cargo, Engines, Tackle, Gear, Appurtenances, etc. in Rem, Petitioning for Exoneration from and/or Limitation*; Energy Marine Leasing, L.L.C., *As the Alleged Owners and/or Owners Pro Hac Vice of the M/V Archie C. Settoon and the M/V Philomene P. Perera, along with all of their respective Cargo, Engines, Tackle, Gear, Appurtenances, etc. in Rem, Petitioning for Exoneration from and/or Limitation*; Tala Marine, L.L.C., *As the Alleged Owners and/or Owners Pro Hac Vice of the M/V Archie C. Settoon and the M/V Philomene P. Perera, along with all of their respective Cargo, Engines, Tackle, Gear, Appurtenances, etc. in Rem, Petitioning for Exoneration from and/or Limitation*,

*Petitioners—Appellees*,

versus

Terrance M. Shelley; Terry's Oysters, Incorporated; Eglica Madjor; Henry McAnespy; Braco Madjor & Ivo Bilich Partnership, *Et al.*,

*Claimants—Appellants*,

CONSOLIDATED WITH

_____

No. 24-30044
Summary Calendar

_____

Terrance M. Shelley; Terry's Oysters, Incorporated; Eglica Madjor; Henry McAnespy; Oyster Eagle, L.L.C., *Et al.*,

*Plaintiffs—Appellants*,

*versus*

Hilcorp Energy Company; Harvest Midstream Company; D&L Towing, Incorporated; Settoon Towing, L.L.C.; Chevron Pipeline Company; Crescent Midstream, L.L.C.; Phillips 66 Pipeline, L.L.C.; Cayenne Pipeline, L.L.C.; Kinetica Partners, L.L.C.; Kinetica Energy Express, L.L.C.; American Midstream Partners, L.L.P.; Third Coast Midstream, L.L.C.; Venture Global Services, L.L.C.; Venture Global Gator Express, L.L.C.; Venture Global LNG, Incorporated; Venture Global Plaquemines, L.L.C.; Targa Midstream Services, L.L.C.; Targa Resources Corporation,

*Defendants—Appellees*.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:22-CV-1483, 2:22-CV-1345

_____

Before Davis, Willett, and Oldham, *Circuit Judges*.

2

No. 23-30578
c/w No. 24-30044

Per Curiam:[*]

Plaintiffs-Appellants, a group of approximately thirty individuals and entities with interests in oyster leases in Plaquemines Parish, appeal the district court's judgment dismissing their claims under Rule 12(b)(6) and Rule 12(c) against Defendants-Appellees. Because the district court did not err in granting Defendants' motions, we AFFIRM.

**I.**

Plaintiffs alleged that beginning on or about January 2, 2021, they "discovered significant oyster mortality in [their] oyster leases."[1] After investigating the possible causes for the oyster mortality, scientists concluded "that the extensive oyster mortality was caused by the introduction and/or release of one or more substances toxic to oysters, including, but not limited to, brine and/or produced water." Plaintiffs further alleged that the introduction of the toxic substances was the result of the "activities and operations" of Defendants, approximately eighteen entities involved in oil and gas exploration and production in the coastal waters of Plaquemines Parish, during the latter part of December 2020 and early part of January 2021. Specifically, Plaintiffs asserted that Defendants violated Louisiana and general maritime law by, *inter alia*, failing to take precautions to prevent the release of toxic substances from their vessels, pipelines, and/or platforms, negligently releasing the toxic substances in the vicinity of the oyster leases, and failing to report the release so that Plaintiffs could take remedial measures. Plaintiffs asserted that they "have suffered

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Plaintiffs filed their petition in state court, and Defendants removed the case to federal court on the basis of diversity and federal question jurisdiction.

past, present and future damage to the property, lost income, diminished value, as well as the cost to restore their oyster leases."

Nine of the Defendants subsequently moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim and Rule 12(c) for judgment on the pleadings. They argued that Plaintiffs failed to "plead particularized facts about any one defendant's allegedly tortious conduct" and instead alleged that Defendants "were collectively involved in unspecified activities or operations." The district court granted the motions, determining that Plaintiffs' allegations were "speculative, conclusory, and unspecific to any individual defendant." The district court additionally denied Plaintiffs' request to conduct further discovery and their motion for leave to file an amended complaint. Because the district court's judgment did not dismiss all of the defendants, it subsequently certified its judgment under Rule 54(b) as a final judgment.[2]

Defendants, Settoon Towing, L.L.C., Energy Marine Leasing, L.L.C., and Tala Marine, L.L.C., filed a limitation-of-liability action under Rule 9(h). The district court consolidated that action with Plaintiffs' action. In light of the court's "dismissal of the tort claims underlying th[e] Limitation of Liability action," the district court also dismissed that action. Plaintiffs filed timely notices of appeal.

## II.

This Court reviews *de novo* a district court's judgment dismissing an action under Rule 12(b)(6) for failure to state a clam upon which relief can be

---

[2] This Court dismissed Plaintiffs' first appeal because the judgment was not final, as it dismissed only some of the defendants. *Shelley v. Hilcorp Energy Co.*, No. 23-30519, 2023 WL 9423956, at *1 (5th Cir. Aug. 15, 2023).

granted.[3] We similarly review *de novo* a district court's judgment granting a Rule 12(c) motion for judgment on the pleadings.[4] The standard for deciding these motions is the same.[5] Specifically, this Court must "accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party."[6] The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

## III.

As stated above, the district court granted Defendants' Rule 12(b)(6) and Rule 12(c) motions because Plaintiffs failed to "plead particularized facts about any one defendant's allegedly tortious conduct" and instead alleged that Defendants "were collectively involved in unspecified activities or operations" that resulted in the oyster mortality. Plaintiffs do not challenge the district court's description of their allegations. They assert that the district court nonetheless erred in dismissing their claims because their "extensive investigation" of the oyster mortality event established "that the only possible cause . . . was a sudden release of brine or produced water." Because Defendants' oil and gas exploration and production activities

---

[3] *Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 287 (5th Cir. 2024).

[4] *Adams v. City of Harahan*, 95 F.4th 908, 911 (5th Cir. 2024).

[5] *Id.*

[6] *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (citation omitted).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 565 U.S. 662, 678 (2009).

No. 23-30578
c/w No. 24-30044

involve brine and/or produced water, Plaintiffs contend that they consequently have a "strong circumstantial case" against Defendants.

Plaintiffs' argument, however, does not address the basis for the district court's decision—that they are unable to allege *which* of the approximately eighteen Defendants were negligent and in what way. Plaintiffs emphasize that they are unable to give this detail because Defendants essentially are "holding all the cards" as to which entity and what activity caused the sudden increase in brine or produced water. They argue that they should have been allowed to conduct at least basic discovery and should have been allowed to amend their complaint.

As reflected in their complaint, Plaintiffs alleged the time period (latter part of December 2020 and early part of January 2021) during which the oyster mortality event occurred. But, their allegations that approximately eighteen entities negligently caused the release of brine or produced water as a result of their operations are not enough to survive a Rule 12(b)(6) or Rule 12(c) motion. Plaintiffs are required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] Under the facts as alleged by Plaintiffs, this Court is able to infer only a "mere possibility of misconduct" by each Defendant, which is insufficient under Rule 12(b)(6) and 12(c).[10] Simply put, Plaintiffs' complaint has not nudged their claims of negligent/tortious conduct "across the line from conceivable to plausible."[11]

Plaintiffs emphasize their evidence of a "highly abnormal spike in salinity" and argue that this constitutes circumstantial evidence under the

---

[9] *Id.*

[10] *Id.* at 679.

[11] *Id.* at 680 (citation omitted).

doctrine of *res ipsa loquitur* of the Defendants' negligence/tortious conduct. But, the cases Plaintiffs rely on are inapplicable here because they involved only *one* defendant (not eighteen);[12] thus, the circumstantial evidence made the claim that *the* defendant was responsible for the misconduct alleged facially plausible.[13]

We further determine that the district court did not err in denying Plaintiffs leave to file an amended complaint, as the proposed amended complaint did not cure the deficiencies described above.[14] The district court also did not abuse its discretion in denying Plaintiffs' request for discovery[15] because "[t]o get to discovery, [a plaintiff] must allege sufficient facts in his complaint to state a plausible claim for relief."[16] Because Plaintiffs' complaint was deficient, Plaintiffs were not entitled to discovery.[17]

Based on the foregoing, the district court's judgment is AFFIRMED.

---

[12] *See Seven Seas Techs., Inc. v. Infinite Comput. Sols., Inc.*, 353 F. Supp. 3d 545 (S.D. Miss. 2018); *Winslow v. W.L. Gore & Assoc.*, No. 10-116, 2011 WL 866184 (W.D. La. Jan.21, 2011).

[13] While not specifically relied upon by the district court, Plaintiffs' complaint is more akin to a "group pleading" complaint, which this Court has rejected. *See Armstrong v. Ashley*, 60 F.4th 262, 274 (5th Cir. 2023).

[14] *See Defense Distrib. v. Platkin*, 55 F.4th 486, 494 (5th Cir. 2022) (applying *de novo* standard of review when denial of leave to amend is based on futility).

[15] *See Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 179 (5th Cir. 2015) (applying abuse of discretion standard).

[16] *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 202 (5th Cir. 2020) (citation omitted).

[17] *Id.*